IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KATEY BALDWIN,

           Plaintiff,

v.                                                      CIVIL ACTION NO. 5:07-cv-00668

METROPOLITAN LIFE INSURANCE COMPANY,

           Defendant.

**MEMORANDUM OPINION AND DISMISSAL ORDER**

The Court raises, sua sponte, the issue of its own jurisdiction. Upon examination of the pleadings, the Court finds that it lacks jurisdiction and, for the reasons stated herein, **DISMISSES** the case without prejudice.

*I. BACKGROUND*

Plaintiffs filed the instant action on October 24, 2007, alleging jurisdiction on the basis of complete diversity and that the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. Plaintiff is petitioning the Court to order Defendant to convert the remainder of guaranteed structured settlement payments into a lump sum.[1] (Docket 1 ¶ 9.) Plaintiff relies on W. Va. Code §§ 46A-6H-1 to -8 and 26 U.S.C. § 5891, which Plaintiff asserts would authorize the Court to direct

---

[1] Plaintiff's trust was created from the settlement of a personal injury action styled Elight Buckland, Betty M. Buckland, as Administratrix of the Estate of Dorothy Buckland, Katey Baldwin individually and Katey Baldwin, as next friend of Eric Baldwin v. Floyd McNeely Reese and Estes Express Line Corp., Civil Action No. 5:03-2028. (Docket 1 ¶ 2).

Defendant to pay the total amount of the settlement proceeds in a lump sum to Plaintiff, due to her continuing hardship. (*Id.* ¶ 9.) Additionally, Plaintiff claims that Defendant contemplated such action in the Endorsement, (*Id.* ex. B), to the annuity described in the trust. (*Id.* ¶ 11.) The Endorsement states that if Defendant is presented with a court "qualified order" within the meaning of 26 U.S.C. § 5891, Defendant shall pay to Plaintiff all or a portion of the remaining guaranteed payments. (Docket 1 ¶ 11.) Plaintiff served process on Defendant at P.O. Box 951, Charleston, WV 25323, on November 9, 2007. (Docket 6.) Pursuant to Rule 12(a) of the Federal Rule of Civil Procedure, Defendant was given twenty days to file its answer. On May 22, 2008, Plaintiff filed a Motion for Entry of Default Judgment [Docket 7]. The Clerk entered default on June 25, 2008 [Docket 10]. To date, Defendant has filed neither an answer nor a response to Plaintiff's motion for default judgment.

## II. LEGAL STANDARD

"The existence of subject matter jurisdiction is a threshold issue" which should be addressed before the Court reaches the merits of a case. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The Court may raise the issue of subject matter jurisdiction upon motion of the parties or sua sponte. *Plyler v. Moore*, 129 F.3d 728, 732 n.6 (4th Cir. 1997); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (a federal court is obligated to dismiss a case if it appears the court lacks subject matter jurisdiction).

The party seeking to litigate in federal court bears the burden of showing that federal jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). For a district court to have diversity jurisdiction, there must be complete diversity between the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

A court must analyze "the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars N.A., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). When examining the value of a case, a court "should consider the plaintiff's motives; should look at prior lawsuits between the parties, if any; should look at awards in similar lawsuits between other parties; should consider any other evidence the defendant may have; and should exercise its common sense." *Graham v. Champion Intern. Corp.*, No. 2:97-cv-00083, 1997 WL 33487768, at *3 (E.D. Tenn. May 16, 1997); *accord, Taylor v. Alterra Healthcare Corp.*, No. 06-13057-BC, 2006 WL 2360781, at *2 (E.D. Mich. Aug. 15, 2006). The amount in controversy, in addition to statutory and compensatory damages, may include both punitive damages, where appropriate, *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (Hallanan, J.), and attorney fees, if available by statute, *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1984).

### III. ANALYSIS

In her Motion for Default Judgment, Plaintiff seeks a lump payment of a structured settlement agreement. (Docket 1 ¶ 9.) As of May 5, 2008, the value of the structured settlement agreement was $71,761.95. (Docket 7.) No other amount is being sought by Plaintiff.[2]

The Court is not satisfied that Defendants have established the requisite amount in controversy. Plaintiff's sought lump sum of $71,761.95 falls short of the $75,000 requirement of 28 U.S.C. § 1332(a). Accordingly, the Court **FINDS** that Defendants have not shown by a

---

[2] As to complete diversity, Plaintiff merely states that Defendant is a foreign corporation (Docket 1 ¶ 3) and makes no mention of Defendant's state of incorporation or principal place of business, pursuant to 28 U.S.C. § 1332(c)(1).

preponderance of the evidence that the amount in controversy, as it existed at the time of filing, is greater than $75,000, and the Court accordingly lacks jurisdiction in this case. The Court's ruling does not preclude Plaintiff from filing this action in an appropriate state court.

### *IV. CONCLUSION*

Based on the foregoing, the Court **FINDS** that it lacks jurisdiction and **DISMISSES** the case without prejudice. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Dismissal Order to counsel of record and any unrepresented party.

ENTER: September 16, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE